O’Neall J.
delivered the opinion of the Court.
The idea attempted by the zealous counsel for the defendant, to be enforced in their first four grounds, is, that in this case there was an implied warranty on the sale of the judgment. For without a warranty express or implied, there could be *238 nothing to affect the plaintiff in the suppressio veri, to which the grounds allude. That in the sale of an unnegotiable security, there is no'implied warranty of either its goodness or money value, is too plain a proposition to require law to sustain it.
The former opinion of the Court, sent this case back that another trial should be had, so that if there were any fraud committed by Colburn in the sale of the judgment, and obtaining the bonds, it might be elicited. It is plain now, as it was before me, that there was no fraud in that respect, and that in truth the whole effort on the part of the defendant was to show that the judgment against B. P. Colburn and Mordecai, as the firm of B. P. Colburn & Co., ought in part to embrace James Smith Colburn as a dormant partner, and the defendant, Mathews, had been deceived in buying it, as he supposed James S. Colburn was not a partner, and that this security would be important to his (Mr. Mathews) indemnity, as an endorser of the firm. Stating the defence in this way, it is difficult to say what it is. The defendant has a valid subsisting judgment, and which was a legal lien upon ali the assets of B. P. Colburn & Co. Pie has therefore the very indemnity which he expected, and may for aught we know have been repaid under and by it, dollar for dollar, all his liabilities. One thing is very certain, the assignment to Mathews enabled B. P. Colburn and Morde-cai, with his assent, to compound with their creditors at 50 cents in the dollar, to receive the assets of the firm, and finally to sell to a new firm all the stock. After this, it is a rather late idea to talk about fraud. But I confess, I never could see fraud in the fact, that two partners confessed judgment to a third. He may have been their creditor, and therefore the judgment right. This appears from Mr. Memminger’s testimony to be the case here. Notwithstanding the judgment, the partner, in whose favor it was confessed, might be liable to creditors. The great burden however, of the defendant’s complaint, is, that the Judge below refused to permit him to offer more proof. But this is an allegation not sustained by the report. The Judge, very properly, stopped the plaintiff’s attorney from examining in reply to evidence, which, in his and our opinion? *239 could not have established fraud, saying to him, if there were not further evidence of misrepresentation, it was unnecessary to take up more time of the Court. On this hint, the defendant’s attorneys went to the jury. There was no testimony in their favor, beyond what they had offered, except as the 6th ground says in corroboration. But of what value was it to add testimony to that which could not affect the case?
We agree with the Judge below, that there was nothing in the proof which could, in any way or shape, prevent the plaintiff from having a verdict. It was therefore his duty to tell the jury, that in his judgment there was nothing in the case which could justify them in finding a verdict for the defendant.
The motion is dismissed.